KELVIN J. LO (SBN 314611)
kelvin@lolollp.com
JONATHAN J. LO (SBN 305306)
jonathan@lolollp.com
**LO & LO LLP**
506 North Garfield Avenue, Suite 280
Alhambra, California 91801
Telephone: 626.289.8838
Facsimile: 626.380.3333

Attorneys for Defendant Nelson Yen

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NELSON YEN,<br><br>Debtor.<br>———————————<br>CATHAY BANK, a California banking corporation,<br><br>Plaintiff,<br>v.<br><br>NELSON YEN, an individual,<br><br>Defendant. | Case No. 8:21-bk-11422-ES<br><br>Adv. No. 8:22-ap-01003-ES<br><br>Chapter 7<br><br>**DEFENDANT NELSON YEN'S ANSWER TO COMPLAINT**<br><br><u>Status Conference</u><br><br>Date: April 7, 2022<br>Time: 9:30 a.m.<br>Place: Courtroom 5A<br>411 W Fourth St.<br>Santa Ana, CA 92701 |



Defendant NELSON YEN ("Defendant") hereby answers the Complaint of plaintiff CATHAY BANK ("Plaintiff"). If an allegation of the Complaint is not specifically admitted, it is hereby denied.

## JURISDICTION AND VENUE

1. Answering paragraph 1 of the Complaint, Defendant admits the allegations therein.

2. Answering paragraph 2 of the Complaint, this paragraph sets forth allegations that present legal conclusions and questions of law for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies all allegations therein.

3. Answering paragraph 3 of the Complaint, this paragraph sets forth allegations that present legal conclusions and questions of law for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies all allegations therein.

## PARTIES

4. Answering paragraph 4 of the Complaint, this paragraph sets forth no allegations and thus no response is required. To the extent a response is required, Defendant denies all allegations therein.

5. Answering paragraph 5, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies all allegations therein.

6. Answering paragraph 6 of the Complaint, Defendant admits the allegations to the extent Defendant lives in Yorba Linda, is CEO of Gryphon, and holds a 40% membership interest in Gryphon.

7. Answering paragraph 7 of the Complaint, Defendant admits the allegations therein.

8. Answering paragraph 8 of the Complaint, Defendant admits the allegations to the extent the "Undisclosed Entities" were not originally listed on Defendant's bankruptcy schedule B. However, Defendant believed it was not necessary to list any interest in these entities because they have been closed and defunct for years. Out of an abundance of caution, Defendant amended schedule B to reflect any potential interests he may have in the Undisclosed Entities.

9. Answering paragraph 9 the Complaint, Defendant admits the allegations therein except the allegation that Carol is the CFO of Gryphon. Carol is no longer employed by Gryphon.

10. Answering paragraph 10 of the Complaint, Defendant admits the allegations therein except the allegation that Andrew is the Vice President of Gryphon. Andrew is no longer employed by Gryphon.

11. Answering paragraph 11 of the Complaint, Defendant admits the allegations therein.

12. Answering paragraph 12 of the Complaint, Defendant admits the allegations therein.

13. Answering paragraph 13 of the Complaint, Defendant admits the allegations therein.

## GENERAL ALLEGATIONS

14. Answering paragraph 14 of the Complaint, this paragraph sets forth no allegations and thus no response is required. To the extent a response is required, Defendant denies all allegations therein.

15. Answering paragraph 15 of the Complaint, Defendant denies the allegations therein. This matter stems from two separate working capital loans of $1,300,000.00 and a $600,000.00 TCD loan incurred in 2019. Throughout the business relationship, Gryphon signed different loan agreements beginning on or about May 25, 2012 and up to November 30, 2020. Each loan had a one-year maturity and was paid off at its maturity before entering into a new loan. Subsequently, Cathay Bank and Gryphon would sign a



new loan for the same terms up until the most recent loan which was entered into in 2019 and matured November 30, 2020. Regarding the most recent loan, Cathay Bank's representatives explained to Gryphon and Nelson that there would be no security agreement or promissory note. Therefore, Cathay Bank should not have filed any UCC-1 financing statement. Cathay Bank's UCC-1 financing statement expired in 2018 with the corresponding matured loan.

16. Answering paragraph 16 of the Complaint, Defendant admits the allegations therein to the extent Defendant signed a personal guarantee of the Loan and denies that any security agreement or promissory note was entered into.

17. Answering paragraph 17 of the Complaint, Defendant admits that different loans were entered into but denies characterization that the Loan was modified and/or extended and denies that any security agreement or promissory note was entered into.

18. Answering paragraph 18 of the Complaint, Defendant admits the allegations therein only to the extent Gryphon was impacted by counterfeit sales of its merchandise prior to 2020. The remaining allegations are denied.

19. Answering paragraph 19 of the Complaint, Defendant admits the allegations therein only to the extent notice of defaults were provided.

20. Answering paragraph 20 of the Complaint, Defendant admits the allegations therein.

21. Answering paragraph 21 of the Complaint, Defendant admits the allegations therein.

22. Answering paragraph 22 of the Complaint, Defendant admits the allegations therein.

23. Answering paragraph 8 of the Complaint, Defendant admits the allegations to the extent the "Undisclosed Entities" were not originally listed on Defendant's bankruptcy schedule B. However, Defendant believed it was not necessary to list any interest in these entities because they have been closed and defunct for years. Out of an



abundance of caution, Defendant amended schedule B to reflect any potential interests he may have in the Undisclosed Entities.

24. Answering paragraph 24 of the Complaint, Defendant denies all allegations therein.

25. Answering paragraph 25 of the Complaint, Defendant denies all allegations therein.

26. Answering paragraph 26 of the Complaint, Defendant admits the allegations therein to the extent said figures were listed.

27. Answering paragraph 27 of the Complaint, Defendant denies all allegations therein.

28. Answering paragraph 28 of the Complaint, Defendant denies all allegations therein.

29. Answering paragraph 29 of the Complaint, Defendant denies all allegations therein.

30. Answering paragraph 30 of the Complaint, Defendant denies all allegations therein.

31. Answering paragraph 31 of the Complaint, Defendant denies all allegations therein.

32. Answering paragraph 32 of the Complaint, Defendant denies all allegations therein.

33. Answering paragraph 33 of the Complaint, Defendant denies all allegations therein.

34. Answering paragraph 34 of the Complaint, Defendant denies all allegations therein.

35. Answering paragraph 35 of the Complaint, Defendant denies all allegations therein.

36. Answering paragraph 36 of the Complaint, Defendant denies all allegations therein.

37. Answering paragraph 37 of the Complaint, Defendant incorporates by reference each and every response to paragraphs 1 through 36 set forth above, inclusive, as if set forth fully herein.

**ANSWER TO FIRST CLAIM FOR RELIEF**

38. Answering paragraph 38 of the Complaint, Defendant denies all allegations therein.

39. Answering paragraph 39 of the Complaint, Defendant denies the existence of a fraudulent scheme and all remaining allegations in the paragraph.

40. Answering paragraph 40 of the Complaint, Defendant denies the existence of a fraudulent scheme and all remaining allegations in the paragraph.

41. Answering paragraph 41, Defendant denies the existence of a fraudulent scheme, and as to the remaining allegations in the paragraph, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.

42. Answering paragraph 42, Defendant denies all allegations therein.

43. Answering paragraph 43, Defendant denies all allegations therein.

44. Answering paragraph 44, Defendant denies all allegations therein.

**ANSWER TO SECOND CLAIM FOR RELIEF**

45. Answering paragraph 45 of the Complaint, Defendant incorporates by reference each and every response to paragraphs 1 through 44 set forth above, inclusive, as if set forth fully herein.

46. Answering paragraph 46, Defendant admits that personal financial statements were submitted but denies the remaining allegations in the paragraph.

47. Answering paragraph 47, Defendant denies all allegations therein.

48. Answering paragraph 48, Defendant denies all allegations therein.

49. Answering paragraph 49, Defendant denies all allegations therein.



**ANSWER TO THIRD CLAIM FOR RELIEF**

50. Answering paragraph 50 of the Complaint, Defendant incorporates by reference each and every response to paragraphs 1 through 49 set forth above, inclusive, as if set forth fully herein.

51. Answering paragraph 51 of the Complaint, Defendant denies that Gryphon became insolvent, and the remainder of this paragraph sets forth allegations that present legal conclusions and questions of law for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of remaining allegations, and on that basis denies them.

52. Answering paragraph 52 of the Complaint, Defendant denies all allegations therein.

53. Answering paragraph 53 of the Complaint, Defendant denies all allegations therein.

**ANSWER TO FOURTH CLAIM FOR RELIEF**

54. Answering paragraph 54 of the Complaint, Defendant incorporates by reference each and every response to paragraphs 1 through 53 set forth above, inclusive, as if set forth fully herein.

55. Answering paragraph 55 of the Complaint, Defendant denies all allegations therein.

56. Answering paragraph 56 of the Complaint, Defendant denies all allegations therein.

57. Answering paragraph 57 of the Complaint, Defendant denies all allegations therein.

**ANSWER TO FIFTH CLAIM FOR RELIEF**

58. Answering paragraph 58 of the Complaint, Defendant incorporates by reference each and every response to paragraphs 1 through 57 set forth above, inclusive, as if set forth fully herein.

59. Answering paragraph 59 of the Complaint, Defendant denies all allegations therein.

60. Answering paragraph 60 of the Complaint, Defendant denies all allegations therein.

61. Answering paragraph 61 of the Complaint, Defendant denies all allegations therein.

**ANSWER TO SIXTH CLAIM FOR RELIEF**

62. Answering paragraph 62 of the Complaint, Defendant incorporates by reference each and every response to paragraphs 1 through 61 set forth above, inclusive, as if set forth fully herein.

63. Answering paragraph 63 of the Complaint, Defendant denies all allegations therein.

64. Answering paragraph 64 of the Complaint, Defendant denies all allegations therein.

65. Answering paragraph 65 of the Complaint, Defendant denies all allegations therein.

**ANSWER TO SEVENTH CLAIM FOR RELIEF**

66. Answering paragraph 66 of the Complaint, Defendant incorporates by reference each and every response to paragraphs 1 through 65 set forth above, inclusive, as if set forth fully herein.

67. Answering paragraph 67 of the Complaint, Defendant denies all allegations therein.

68. Answering paragraph 68 of the Complaint, Defendant admits the allegations to the extent Cathay requested documents in connection with its Rule 2004 examination, and to the extent Defendant testified he sold a Rolex in July 202. The remaining allegations are denied. Defendant did not know how to access his bank records dating more than one year, Defendant has allowed Cathay Bank access to his



bank records, and Defendant's bankruptcy schedules itemize and value his personal property.

69. Answering paragraph 69 of the Complaint, Defendant admits he testified he did not have possession of certain documents being sought by Cathay, that he does not personally maintain books and records, and to his failed recollection of certain details or specifics concerning certain transactions. The remaining allegations are denied.

70. Answering paragraph 70 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies all allegations therein.

71. Answering paragraph 71 of the Complaint, Defendant denies all allegations therein.

**ANSWER TO EIGHTH CLAIM FOR RELIEF**

72. Answering paragraph 72 of the Complaint, Defendant incorporates by reference each and every response to paragraphs 1 through 71 set forth above, inclusive, as if set forth fully herein.

73. Answering paragraph 73 of the Complaint, Defendant denies all allegations therein.

74. Answering paragraph 74 of the Complaint, Defendant denies all allegations therein.

75. Answering paragraph 75 of the Complaint, Defendant denies all allegations therein.

76. Answering paragraph 76 of the Complaint, Defendant admits the allegation that the Rolex is or was worth between $10,000.00 and $50,000 based only on Defendant's own layman's estimate. The remaining allegations are denied.

77. Answering paragraph 77 of the Complaint, Defendant admits that some or all of the "Disclosed Entities" are listed as active by the California Secretary of State. The remaining allegations are denied.



78. Answering paragraph 78 of the Complaint, Defendant denies all allegations therein.

79. Answering paragraph 79 of the Complaint, Defendant admits the allegations therein.

80. Answering paragraph 80 of the Complaint, Defendant denies all allegations therein.

## ANSWER TO NINTH CLAIM FOR RELIEF

81. Answering paragraph 81 of the Complaint, Defendant incorporates by reference each and every response to paragraphs 1 through 80 set forth above, inclusive, as if set forth fully herein.

82. Answering paragraph 82 of the Complaint, Defendant denies all allegations therein.

83. Answering paragraph 83 of the Complaint, Defendant admits the allegations to the extent said figures were listed. The remaining allegations are denied.

84. Answering paragraph 84 of the Complaint, Defendant admits the allegations to the extent the Statement of Financial Affairs speaks for itself. The remaining allegations are denied.

85. Answering paragraph 85 of the Complaint, Defendant admits the allegations to the extent his Rule 2004 examination testimony speaks for itself. The remaining allegations are denied.

86. Answering paragraph 86 of the Complaint, Defendant denies all allegations therein.

87. Answering paragraph 87 of the Complaint, Defendant admits the allegations to the extent the Rule 2004 examination testimony speaks for itself. The remaining allegations are denied.

88. Answering paragraph 88 of the Complaint, Defendant admits the allegations to the extent the record and testimony speaks for itself. The remaining allegations are denied.



89. Answering paragraph 89 of the Complaint, Defendant denies all allegations therein.

**AFFIRMATIVE DEFENSES**

Subject to the above and without assuming any burden other than imposed by operation of law, Defendant raises the following defenses in response to the allegations in Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, and subject to the response above, Defendant reserves all rights to raise additional defenses that become known through the course of investigation and discovery. Defendant pleads the following separate defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint and each cause of action therein fail to allege facts sufficient to state a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

Plaintiff's claims are barred, in whole or in part, by the applicable state and federal statutes of limitation, including without limitation any time limitations imposed by 11 U.S.C. Sections 523 and 727.

**THIRD AFFIRMATIVE DEFENSE**

**(Good-Faith Transferee)**

Plaintiff's claims are barred, in whole or in part, due to Defendant's receipt of property in good faith, for reasonably equivalent value, without any fraudulent intent, and without participation in any collusion or fraudulent scheme.



**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Acquiescence)**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of acquiescence.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Further Defenses)**

Defendant reserves the right to assert and will rely upon such other and further defenses that become known through the course of investigation and discovery.

//

//



**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of its Complaint;
2. That the Court enter judgment for Defendant;
3. For costs incurred in defense of this action;
4. For such other and further relief as the Court deems proper.

Dated: February 14, 2022

LO & LO LLP

By: ______________________
Kelvin J. Lo
Attorneys for Defendant Nelson Yen

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant hereby demands a trial by jury on all issues so triable.

Dated: February 14, 2022

LO & LO LLP

By: ______________________
Kelvin J. Lo
Attorneys for Defendant Nelson Yen

